UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Annette FISCHER and Randi FISCHER, | Civ. No.16-8220 (KM) (MAH) |
| Plaintiffs, | |
| v. | OPINION |
| CHUBB INSURANCE, FIREMAN'S FUND INSURANCE and NATIONAL-SURETY CORPORATION, | |
| Defendants. | |

**Kevin McNulty, U.S.D.J.**

This matter comes before the Court on a motion to remand the case to the Superior Court of New Jersey, Law Division, Essex County (the "Superior Court") by *pro se* plaintiffs Annette Fischer and Randi Fischer (the "Fischers"). (ECF no. 5) The defendants opposed the motion to remand (ECF no. 10), and the Fischers submitted a reply in the form of a certification (ECF no. 11). For the reasons set forth below, I will deny the motion to remand.

**Background**

The Fischers commenced this action for breach of contract and bad faith denial of insurance coverage in New Jersey Superior Court (the "State Court Action") on October 4, 2016. (Complaint, ECF no. 1-2) The Fischers seek damages in the amount of $490,854.44, as well as other relief. (*Id.* at 36-37)

On November 3, 2016, the defendants timely filed a notice of removal, invoking this Court's diversity subject matter jurisdiction under 28 U.S.C. § 1332. On November 10, 2016, the Fischers filed a timely motion to remand, arguing that complete diversity of citizenship is lacking. Essentially, they contend that one or more of the defendants is, like the Fischers, a citizen of New Jersey.

1

**Discussion**

Under 28 U.S.C. § 1441(a), a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States." "The party seeking removal carries the burden of proving that removal is proper." *Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 218 (3d Cir. 2015).

The federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "For over two hundred years, the statute has been understood as requiring 'complete diversity between all plaintiffs and all defendants.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015). "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). An individual is a citizen of the State of his or her domicile. *Vlandis v. Kline*, 412 U.S. 441, 454, 93 S. Ct. 2230 (1973). "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

No party disputes that the Fischers are citizens of New Jersey. The sole question before this Court is whether any of the defendants—Chubb Insurance, Fireman's Fund Insurance, and National Surety Corporation—is a citizen of New Jersey, a circumstance that would destroy complete diversity.

One matter that is in dispute, however, is the precise identity and citizenship of the legal entity that serviced the Fischers' claim under the Policy. Here, some corporate background is required.

National Surety Corporation ("NSC") issued to the Fischers a Prestige Home Premier insurance policy, bearing Policy No. NZA03872975, for the

policy period November 3, 2014 to November 3, 2015 (the "Policy"). (Complaint ¶ 7) In support of removal, Defendants submitted an affidavit of Daniel I. Jaeger, Assistant Vice President, Property SIU Claim Manager of Chubb North America. (Jaeger Aff., ECF no. 10-1) The Jaeger affidavit states that NSC, which wrote the Fischers' insurance policy, is incorporated and has its principal place of business in Illinois. (*Id.* ¶¶ 3, 6).

According to the Jaeger affidavit, NSC is wholly owned by Fireman's Fund Insurance Company ("FFIC"). (*Id.* ¶ 7) FFIC is incorporated in California and has its principal place of business in Illinois. (*Id.* ¶ 4) The complaint names as a defendant "Fireman's Fund Insurance," but that shortened version of the FFIC name does not designate a legal entity; presumably FFIC was intended.

FFIC sold its "personal lines business" to ACE American Insurance Company ("ACEAIC") in April 2015. Thereafter, ACEAIC serviced the Fischers' claim under the Policy. ACEAIC is incorporated and has its principal place of business in Pennsylvania. (*Id.* ¶¶ 3, 8-9)

NSC, FFIC, and ACEAIC, then, are not citizens of New Jersey. The citizenship of these three entities is diverse from that of the Fischers.

The Fischers allege that "Chubb Insurance," which they have named as a defendant, is a citizen of New Jersey, and that this circumstance destroys complete diversity. That contention, however, is not supported by facts. I therefore have little choice but to accept the facts as contained in the Jaeger affidavit.[1]

The germ of truth in the Fischers' contentions, or perhaps the basis for a misunderstanding, is as follows. In January 2016, ACEAIC's indirect parent company, ACE INA Holdings, Inc., acquired The Chubb Corporation. Before the acquisition, The Chubb Corporation was headquartered in Warren, New Jersey. (*Id.* ¶ 10-11, 13) After the acquisition, however, The Chubb Corporation ceased

---

1   Of course subject matter jurisdiction is a prerequisite to the Court's hearing the case, and may be raised at any time. Should discovery reveal that the Jaeger affidavit is incorrect, it may be necessary to revisit the issue.

to exist as a legal entity. The Chubb Corporation was merged into ACE INA Holdings, Inc., which then changed its name to Chubb INA Holdings, Inc.[2] (*Id.* ¶¶ 11-13) Chubb INA Holdings, Inc., (formerly ACE INA Holdings, Inc.) is a Delaware corporation with its principal place of business in Philadelphia. It is not a citizen of New Jersey. (*Id.* ¶ 10)

ACEAIC has at all times continued to service the Fischers' claim under the Policy. ACEAIC now operates under the umbrella of the Chubb brand name.[3] (*Id.* ¶ 16) It remains, however, a Pennsylvania corporation, headquartered in Pennsylvania.

The Fischers have sued "Chubb Insurance," which is not a legal entity at all. (*Id.* ¶ 3) But the Fischers contend that the entity that emerged from ACE INA Holdings, Inc.'s acquisition of The Chubb Corporation is headquartered in New Jersey (thus defeating complete diversity), because it adopted the Chubb brand name. (*E.g.*, Pl. Reply, ECF no. 11, ¶¶ 30, 37) That is not the case; the entity that survived the merger, as stated above, is not a citizen of New Jersey. (Jaeger Aff. ¶ 10)

When the Fischers refer to "Chubb," they do not distinguish among the many distinct legal entities bearing the Chubb name. They note that at least two Chubb entities continue to be headquartered in Warren, New Jersey: the Chubb Group of Insurance Companies and Chubb Services Corporation. (Pl. Reply at 6-8: ¶ 16). However, the Fischers do not relate those particular entities to anything alleged in their complaint.

Concededly, the defendants have not arranged their corporate affairs in a manner that is easy to understand. The Fischers assume that a company using

---

[2]  These changes all occurred before the complaint in this action was filed. Diversity is measured as of the time of filing of the complaint. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570–71, 124 S. Ct. 1920, 1924 (2004). At any rate, The Chubb Corporation was never connected to the Fischers' claims or this litigation. (*Id.* ¶ 14)

[3]  This would perhaps explain the references to "Chubb Insurance" as the servicer in the correspondence attached by the Fischers. (*See* Pl. Reply Exhibits 1-4)

the Chubb brand name is the same legal entity as, or shares state citizenship with, other companies using the Chubb brand name.[4] That assumption, however, is incorrect.

The Fischers argue that the defendants, anticipating a lawsuit, acted in bad faith, using the name "Chubb Insurance" in correspondence to mislead them into naming a defendant that is not a legal entity. (*E.g.*, Pl. Mot., ECF no. 5, at 4: ¶¶ 11-13) An entity's use of an umbrella trade or business name that differs from its legal name does not in itself demonstrate bad faith. Nor does that fact establish that the corporate veil should be pierced for jurisdictional purposes. *See Pearson v. Component Tech. Corp.*, 247 F.3d 471, 485 (3d Cir. 2001) ("[C]ourts have refused to pierce the veil even when subsidiary corporations use the trade name of the parent, accept administrative support from the parent, and have a significant economic relationship with the parent."); *see generally id.* at 484-85 (under the Third Circuit's alter ego test, the court is required to consider the following factors: "gross undercapitalization, failure to observe corporate formalities, nonpayment of dividends, insolvency of debtor corporation, siphoning of funds from the debtor corporation by the dominant stockholder, nonfunctioning of officers and directors, absence of corporate records, and whether the corporation is merely a facade for the operations of the dominant stockholder."). Nor are there any indicia of bad faith, *e.g.,* misuse of corporate forms to evade personal

---

[4] All of this is likely beside the point anyway, because the entity that fits the description of servicer, ACEAIC, is a citizen of Pennsylvania. ACEAIC is perhaps an entity that the Fischers could sue as servicer. But there is no legal reason that ACEIAC must be deemed to have the same citizenship as its parent or affiliates.

The Fischers assert that, because ACEAIC purchased FFIC's "personal lines business" in April 2015, FFIC and NSC are now owned by "Chubb." (Pl. Reply at 13-17: ¶¶ 33-44) That assertion is disputed by the defendants. (Jaeger Aff. ¶ 17) The Fischers may be conflating the purchase of certain assets and obligations with purchase of the entity itself. Again, however, the citizenship of a corporation is not necessarily that of its parent or affiliate, and the holding company, Chubb INA Holdings, Inc. is not a New Jersey citizen. (*See* Jaeger Aff. ¶ 10)

jurisdiction or liability in a particular state. At issue is only whether a New Jersey state court or a New Jersey federal court will hear this action.

**Conclusion**

The State Court Action was properly removed under 28 U.S.C. § 1441 and 28 U.S.C. § 1332 because it is a civil action which meets the amount in controversy requirement and the requirement that complete diversity exist between the Fischers and all defendants. Accordingly, the Fischers' motion to remand is DENIED. To the extent that defendants are not properly named, the plaintiffs may wish to amend their complaint under Federal Rule of Civil Procedure Rule 15(a)(2) to name the proper parties.

A separate order will issue.

Dated: December 9, 2016

                                                          **Kevin McNulty**
                                              **United States District Judge**