UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Annette FISCHER and Randi FISCHER,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL SURETY CORPORATION and ACE AMERICAN INSURANCE COMPANY,<br><br>Defendants. | Civ. No.16-8220 (KM) (MAH)<br><br>**OPINION** |

## Kevin McNulty, U.S.D.J.

Annette Fischer and Randi Fischer ("the Fischers") sue based on the denial of a claim under their homeowners' insurance policy for damage resulting from a burst water pipe. The complaint alleges that National Surety Corporation ("National Surety") issued the policy, and that ACE American Insurance Company ("ACE American") "serviced" the claim. Now before the Court is the motion of ACE American to dismiss the Amended Complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). (ECF no. 26.) ACE American argues (1) that the Fischers have failed to allege the existence of a valid contract between themselves and ACE American, and (2) that, even if a valid contract has been alleged, the Fischers still have failed to allege a bad faith claim. In other words, ACE argues that this dispute is really between the Fischers and National Surety, the insurer. For the reasons stated herein, I will deny the motion and allow the parties to proceed to discovery in order to better determine the relationships among ACE American, National Surety, and the Fischers.

1

## I. Background[1]

On January 9, 2015, a frozen water pipe burst in the lower level of the Fischers' home in Short Hills, New Jersey, causing much damage to both their home and their personal property.[2] (AC ¶ 12.) They were insured under a Prestige Home Premier Policy, issued by Fireman's Fund, underwritten by National Surety, and serviced by ACE American.[3] (*Id.* ¶ 7.) The policy insured their dwelling for $1.8M and their personal property/valuables for $1.1M. (*Id.* ¶ 8.) They reported their claim the same day as the accident. (*Id.* ¶ 13.)

The Fischers allege that they have not received full payment of their claim, despite their prompt initial report and several interactions with representatives of the defendants over the course of twenty months.[4] (*See id.*)

---

[1] Record items cited repeatedly will be abbreviated as follows:

"AC" = Amended Complaint (ECF no. 25). Unless otherwise specified, the "Complaint" as used herein refers to the Amended Complaint.

"Def. Br." = Brief in Support of Defendant ACE American Insurance Company's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) (ECF no. 26)

"Pl. Opp." = Plaintiffs Annette Fischer and Randi Fischer's Opposition to Defendant ACE American Insurance Company's Motion to Dismiss (ECF no. 30)

"Def. Reply" = Reply Brief in Further Support of Defendant Ace American Insurance Company's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to F.R.C.P. 12(b)(6) (ECF no. 31)

[2] For purposes of this motion only, I will assume the allegations in the Amended Compliant to be true. *See* Section II, *infra*.

[3] In the Amended Complaint, the Fischers describe the policy as "written through" National Surety.

[4] The Amended Complaint lists all the interactions between the Fischers and representatives of the defendants in some detail, including, among other things, a three-day examination of Randi Fischer under oath, a meeting at a hotel between the Fischers and the attorney for one of the defendants, and a July 7, 2015 reinspection agreement with the Division President of ACE Private Risk Services. (AC ¶¶ 16, 32, 62.) I will confine the recitation here to the allegations most pertinent to ACE's motion to dismiss.

2

Additionally, they say, the experience has exacerbated the health issues facing them, evidenced in part by Annette Fischer's heart failure, insomnia, and twelve mini-strokes since the first denial. (*Id.* ¶ 137.)

On October 4, 2016, the Fischers (then appearing *pro se*) filed a complaint seeking $490,000 in damages in New Jersey Superior Court. On November 3, 2016, the defendants removed the case based on this Court's diversity jurisdiction under 28 U.S.C. § 1332. (*See* Notice of Removal, ECF no. 1.) The Fischers contested the removal. (*See* Motion for Remand, ECF no. 5.) In a December 9, 2016 Order and Opinion, I denied their motion to remand, finding that there was diversity jurisdiction. (ECF no. 12.) The Fischers then obtained counsel and amended their complaint. (ECF no. 25.)

The Amended Complaint contains two counts. Count 1 alleges breach of contract, and Count 2 alleges bad faith denial of an insurance claim. Now before me is ACE American's Rule 12(b)(6) motion to dismiss both Counts of the Complaint.

## II. Standard of Review

Under Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed, in whole or in part, if it fails to state a claim upon which relief can be granted. When deciding such a motion, all allegations in the complaint are taken as true and viewed in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998); *see also Phillips v. Cty. Of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (noting that the "reasonable inferences" principle was not undermined by *Twombly*, *infra*). However, the formulaic recitation of the elements of a cause of action won't do. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations of a complaint must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d

3

59, 64 (3d Cir. 2008). Therefore, a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678 (2009).

### III. Analysis

#### 1. Breach of Contract (Count 1)

ACE American moves to dismiss Count 1 (breach of contract), arguing that the Fischers have failed to allege the existence of a valid contract between themselves and ACE. (Def. Br. 4.) ACE points to the Amended Complaint, where the Fischers allege that National Surety issued the policy under which the Fischers make their claim. (*Id.*) It follows, says ACE American, that National Surety is the sole party against whom a breach-of-contract claim can be asserted. (*Id.*)

It is true that the existence of a valid contract is an essential element of a breach of contract action. *EnviroFinance Grp., LLC v. Envt'l Barrier Co., LLC*, 440 N.J. Super. 325, 345 (App. Div. 2015) (listing the opposing party's failure to perform a contractual duty and damages as two other elements). An insurance policy is a contract. *See Finnegan v. Inductotherm Corp.*, No. A-4267-15T1, 2017 WL 3597032, at *4 (App. Div. Aug. 22, 2017) ("As Judge Skillman noted, '[a]n insurance policy is a contract between the insurer and the insured." (quoting *Jeffrey M. Brown Assocs., Inc. v. Interstate Fire & Cas. Co.*, 414 N.J. Super. 160, 171 (App. Div. 2010))); *cf. also Zacarias v. Allstate Ins. Co.*, 168 N.J. 590, 595 (2001) (describing insurance policies as "contracts of adhesion").

There is no dispute that the Fischers allege the existence of a contract in the form of an insurance policy issued by Fireman's Fund through National

4

Surety. Less clear is the existence of any contract between the Fischers and ACE American.[5] The Fischers begin their Amended Complaint by averring that ACE American "service[d]" the insurance policy they held. (AC ¶ 7.) They also, in their opposition brief, point to eight instances in the Amended Complaint where they allege the existence of a valid contract between themselves and *all* the defendants. (Pl. Opp. 4–5.) On the other hand, the Prestige Home Premier Policy attached to the original complaint makes no mention of ACE American. (Notice of Removal, Ex. A, ECF no. 1; Def. Reply 2.)

I will deny the motion to dismiss. The allegations will bear the interpretation, for example, that National Surety delegated its duties under the policy/contract to ACE American, or that ACE American acted as National Surety's agent. It appears from the allegations that ACE American dealt with the Fischers on National Surety's behalf, and that the Fischers acquiesced. I will permit the claim to go forward so that the plaintiffs may explore in discovery the issue of what ACE's status as "servicer" entailed.

ACE American's motion to dismiss Count 1 is denied.

---

[5] ACE American points to two cases where the claims were dismissed due to the plaintiff's lack of differentiation between the various defendants: *Pietrangelo v. NUI Corp.*, No. 04-3223, 2005 WL 1703200 (D.N.J. July 20, 2005) and *Shaw v. Hous. Auth. of Camden*, No. 11-4291, 2012 WL 3283402 (D.N.J. Aug. 10, 2012). (Def. Reply 2–3.) Dealing with the liberal pleading standard of Rule 8(a), those cases concerned multiple counts of breaches of specific fiduciary duties, in *Pietrangelo*, and counts involving violations of civil rights, discrimination, defamation, and contract claims, in *Shaw*. In both cases, the plaintiffs did not list which defendants were liable for which counts in the complaint. *See H2O Plus, LLC v. Arch Personal Care Products, L.P.*, No. 10-3089, 2011 WL 2038775, at *3 (D.N.J. May 22, 2011) (finding *Pietrangelo* distinguishable because it focused on the fact that the plaintiff failed to distinguish between defendants in the count of the complaint). That is not the case with respect to this fairly simple two-count Complaint.

## 2. Bad Faith Denial of Claim (Count 2)

ACE American also moves to dismiss Count 2, which alleges bad faith denial of an insurance claim. (Def. Br. 4.) It contends that bad faith claims for the denial of an insurance benefit necessarily arise out of the insurance contract and the contractual relationship between insured and insurer. (*Id.*) As before, if claims that there is no such contract between the Fischers and itself.

In *Pickett v. Lloyd's*, the New Jersey Supreme Court established the ability of a claimant to sue their insurer for a bad-faith denial of first party benefits by showing that there were no debatable reasons for the denial of the benefits. 131 N.J. 457, 478, 481 (1993). The standard, laid out by the Court, is that "[b]ad faith is established by showing that no valid reasons existed to delay processing the claim and the insurance company knew or recklessly disregarded the fact that no valid reasons supported the delay." *Id.* at 481 ("In either case (denial or delay), liability may be imposed for consequential economic losses that are fairly within the contemplation of the insurance company."). While it explained that "every contract imposes on each party the duty of good faith and fair dealing," the Court did not decide in the opinion whether the cause of action arose solely from the implied contractual terms of the policy, though it did note that this "cause of action is best understood as one that sounds in contract." *Id.* at 467, 469–70 ("We need not debate which is more appropriate: to consider the bad-faith refusal as a breach of an implied term of the contract or as an independent tort.").

As before, the essence of ACE American's argument is that without a contract there can be no claim for bad faith. (Def. Reply 4 ("Without a contractual relationship, there is no implied duty of good faith and fair dealing and, therefore, no breach of said duty and no bad faith.").) *Pickett* itself, however, seems to contemplate a bad faith cause of action against a party

6

other than the primary insurance company. Indeed, it reasoned that *because* an agent owes a duty to the insured, the insurer must "owe[] an equal duty." 151 N.J. at 467. *See also id.* at 464, 467, 481 (affirming a jury award where the jury found the insurer's agent liable "for a lack of good faith and fair dealing outside of its agency relationship with Lloyd's [the insurer]" and stating that "[a]gents of an insurance company are obligated to exercise good faith and reasonable skill in advising insureds"). Even if the Fischers fail to establish the existence of a contract with ACE American, their bad faith cause of action may still be viable.

I will therefore deny ACE American's motion to dismiss Count 2.

### IV. Conclusion

For the foregoing reasons, ACE American's motion (ECF no. 26) to dismiss the Fischer's Amended Complaint (ECF no. 25) is denied.

An appropriate Order accompanies this Opinion.

Dated: October 20, 2017

**Hon. Kevin McNulty**
**United States District Judge**